IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GLEN I. TAYLOR, #127 254,    )
    )
    Plaintiff,    )
    )
v.    )    CIVIL ACTION NO. 2:12-CV-37-TMH
    )    [WO]
CYNTHIA DILLARD,    )
    )
    Defendant.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Plaintiff Glen Taylor, an inmate incarcerated at the Fountain Correctional Facility

located in Atmore, Alabama, filed this 42 U.S.C. § 1983 action[1] on December 29, 2011.[2] In

this complaint, Plaintiff mounts a challenge to the constitutionality of Alabama's parole

process. Seeking declaratory relief, Plaintiff brings this action against Cynthia Dillard, the

---

[1]Plaintiff submitted his complaint on a form for use in filing an action under the provisions of 42 U.S.C. § 1983.  While he requests that the instant matter be allowed to proceed as a declaratory action pursuant to Rule 57, *Federal Rules of Civil Procedure* (*see also* 28 U.S.C. § 2201), the proper avenue is a § 1983 action. *See Wilkinson v. Dotson,* 544 U.S. 74 (2005) (prisoner may bring § 1983 action for declaratory and injunctive relief challenging constitutionality of state parole procedures).

[2]Although the Clerk of this court stamped the complaint and request to proceed as a *pauper* "received" on January 12, 2012, the inmate account statement in support of Plaintiff's *in forma pauperis* motion was signed by a notary on December 29, 2011. *Doc. No. 3* at 3.  Thus, it is clear that Plaintiff had these documents within his possession at such time and, therefore, could not have submitted them to prison officials for mailing prior to December 29, 2011. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint and ifp request] w[ere] delivered to prison authorities the day [Taylor] signed [them] ...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers December 29, 2011, as the date of filing.

Executive Director for the Alabama Board of Pardons and Paroles.[3]

Defendant filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat Defendant's report as a motion for summary judgment. This case is now pending on Defendant's motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof, and Plaintiff's response in opposition to the motion, the court concludes that Defendant's motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). [4] The party moving

---

[3]In accordance with the prior proceedings, orders, and opinions of the court, Plaintiff's complaint against the Alabama Board of Pardons and Paroles was dismissed. *See Doc. Nos. 12, 13.*

[4]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and,

for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendant has met her evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claims properly before this court. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that

---

therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Consequently, to survive Defendant's properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim(s) for relief.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.

A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the materials before the

court indicate that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II.  DISCUSSION

*A.  Denial of Parole Outside the Two-Year Period of Limitation*

Plaintiff complains that false information was used to deny him parole at his July 2009 parole hearing. *Doc. No.* 1 at 18. It is clear from the face of the complaint that any claim relative to Plaintiff's denial of parole in July 2009 is barred by the statute of limitations applicable to actions filed by an inmate in this court under 42 U.S.C. § 1983.

> All constitutional claims brought [by an inmate] under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations

period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d
1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim
heard, [the plaintiff is] required to bring it within two years from the date the
limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

In the complaint, Plaintiff references a parole consideration proceeding and an adverse

decision that transpired prior to December 29, 2009.  The tolling provision of *Ala. Code §*

6-2-8(a) is inapplicable.[5]  Thus, the statute of limitations with respect to actions which

occurred on or before December 29, 2009, expired prior to Plaintiff's filing the instant

complaint.

Unquestionably, the statute of limitations is usually a matter which may be raised as

an affirmative defense.  The court notes, however, that in an action proceeding under section

1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the

complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir.

1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an

affirmative defense would defeat the action, a section 1915[(e)(2)(B)(I)] dismissal is

allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an

affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v.*

*State of Oregon*], 563 F.Supp. [1310] at 1330, 1332."  *Id*. at n.2.

---

[5] If an individual who seeks to commence a civil action "is, at the time the right accrues ... insane" the running
of the limitation period is tolled until "termination of the disability...." not to exceed "20 years from the time the claim
or right accrued."  *Ala. Code* § 6-2-8(a).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).  "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts presented in the complaint, Plaintiff has no legal basis on which to proceed with respect to the parole decision issued prior to December 29, 2009, as he filed this cause of action two or more years after any such decision.  As previously determined, the statutory tolling provision provides no basis for relief.  In light of the foregoing, the court concludes that Plaintiff's challenge to the parole consideration process and/or denial of parole which occurred on or before December 29, 2009, is  barred by the applicable statute of limitations.

## B.  The Discrimination Claim

Plaintiff, who received a life sentence in 1980 upon his conviction for carnal knowledge of a victim under twelve years of age, maintains that the Board discriminates

against inmates with respect to the grant or denial of parole based on the nature of the offense.[6] He asserts that, "upon information and belief," the Board has granted parole to individuals convicted of sex offenses at a substantially lower rate over the past several years than to individuals convicted of non-sex related offenses, *i.e.*, "at a ratio of some 5 to 1 of all other offenders." *Doc. No. 1* at 8.   Plaintiff further claims that parole is granted at a substantially disproportionate lower rate to white-surnamed prisoners than to comparable black-surnamed prisoners.   *Id*. at 9.   These claims provide no basis for relief.

In order to present a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; ***and*** (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.   *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006) (emphasis added).   "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact....   [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause."   *Village of Arlington Heights v. Metropolitan Housing*

---

[6]The Board granted Plaintiff parole in 1996.   The Board revoked his parole in 2007 following his guilty plea at parole court for "public intoxication" and "use of alcohol against parole officer's direction." Plaintiff was denied parole in 2009 and reset for parole consideration in June 2012.   *See Doc. No. 18* at 6.

*Development Corp.*, 429 U.S. 252, 264-265 (1977).  "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  In a case such as this one, where Plaintiff challenges actions of parole officials, exceptionally clear proof of discrimination is required.  *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988).  The mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause.  *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment or even arbitrary administration of state power are insufficient to establish discrimination violative of equal protection).

Plaintiff's contention that he has been discriminated against in the parole consideration process because, as a convicted sex offender, he is less likely to be paroled than an inmate convicted of a non-sex related offense is meritless.  Neither inmates nor sex offenders constitute a suspect or quasi-suspect class entitling such persons to "strict scrutiny" of disparate government treatment.  Moreover, Plaintiff fails to identify any similarly situated prisoners who received more favorable treatment from the Board and, thus, his equal protection claim necessarily fails because he has not alleged that he was treated differently

–9–

from other, similarly situated inmates. *See Sweet* , 467 F.3d at 1318-1319.

Plaintiff speculates that "the number of white-surnamed prisoners as [a] percentage of the total prison population are disproportionately denied parole by a substantial margin than the number of black-surnamed prisoners," and that the median time served by white surnamed prisoners prior to being paroled is substantially greater than the median time served prior to parole by black-surnamed prisoners with "comparable sentences." *Doc. No. 1* at 9-10. As with his nature-of-conviction challenge, Plaintiff's race-based challenge fails to identify any similarly situated prisoners who received more favorable treatment from the Board. *See Sweet*, 467 F.3d at 1318-1319. Further, Plaintiff has generally alleged discrimination, but has not identified any non-speculative, specific facts tending to suggest that any of the treatment he allegedly received from the Board was based on invidious racial discrimination. Plaintiff's bald suspicions of discrimination are unsupported by specific factual allegations, and they are, therefore, insufficient to state a claim for a violation of the Equal Protection Clause. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."); *see also Smith v. Regional Director of Florida Dept. of Corrections*, 368 Fed.Appx. 9, 12, (11th Cir. 2010).

*C. The Due Process Claim*

Plaintiff makes various broad arguments concerning Ala. Code § 15-22-26 (1975), which governs the authority of the Alabama Board of Pardons and Paroles to grant parole to inmates. The pertinent portion of this statute reads as follows:

> No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society....

*Ala. Code* § 15-22-26.

Plaintiff argues that § 15-22-26 is unconstitutionally vague, fails to give parole-eligible inmates sufficient notice of the requirements of suitability for parole, and creates the insurmountable task of requiring the Board to possess the requisite personal knowledge of each parole-eligible inmate's suitability for parole. Plaintiff also argues that this code provision fails to define the parameters of the statute; requires the Board to predict future behavior, a "task that is humanly impossible"; and is so nebulous as to grant uncontrolled power and unlimited discretion to the Board in making its parole decisions. These deficiencies, Plaintiff claims, "necessarily lead[] to decision-making on an ad hoc and subjective basis with the attendant danger of arbitrary, capricious and discriminatory application." *See Doc. No. 1* at 5-7.

The statute challenged by Plaintiff does not address constitutional freedoms or

identify unlawful conduct but merely sets forth the standards members of the Board must follow prior to granting an inmate parole. Upon its application of the void-for-vagueness doctrine, the court concludes that the challenged code section is not unconstitutionally vague. "A rule that does not reach constitutionally protected conduct is void for vagueness only if it is impermissibly vague in all its applications. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982). The test is whether the enactment is substantially incomprehensible. *Exxon Corp. v. Busbee,* 644 F.2d 1030, 1033 (5th Cir. May 1981), *cert. den.*, *Exxon Corp. v. Georgia Assn. of Petroleum Retailers*, 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981)." *Woodruff v. United States Dept. of Labor, Office of Workers Compensation Program*, 954 F.2d 634, 643, *rehearing denied*, 961 F.2d 224 (11th Cir. 1992). The statute at issue is substantially comprehensible with respect to establishing the standards for release of inmates on parole. The guidelines set forth in § 15-22-26 "provide explicit standards for those who apply them" and "give the person of ordinary intelligence a reasonable opportunity to know what is [required]." *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298-2299, 33 L.Ed.2d 222 (1972). The mere fact the statute provides for use of discretion and reliance on personal opinion does not render it impermissibly vague or arbitrary. As the Alabama Supreme Court correctly determined:

> [The inmate] contends that § 15-22-26 is unconstitutionally vague on its face or as it is administered by the Board of Pardons and Paroles. "A statute that does not concern First Amendment freedoms or the definition of criminal

conduct may be declared unconstitutionally vague 'only if a person of ordinary intelligence, exercising common sense, can derive no rule or standard at all from the statute's language.' *Friday v. Ethanol Corp.*, 539 So.2d 208, 213 (Ala.1988)." *State v. Blake*, 642 So.2d 959, 962 (Ala.1994). Section 15-22-26 is a typical parole statute that gives the parole board total discretion in the granting of paroles. *Tedder v. Alabama Bd. of Pardons & Paroles*, 677 So.2d 1261, 1263 (Ala.Crim.App.), *cert. denied*, 518 U.S. 1008, 116 S.Ct. 2531, 135 L.Ed.2d 1054 (1996); *see also Thomas v. Sellers*, 691 F.2d 487, 488-89 (11th Cir. 1982). Because the statute provides that parole may be granted at the board's discretion, it does not confer a liberty interest in parole that is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. E.g., *Tedder,* 677 So.2d at 1263. The discretion granted to the parole board by § 15-22-26 does not, however, make the statute vague; rather, it gives the board the authority to consider each parole application individually.

Section 15-22-26 ... is not unconstitutionally vague on its face or as it is administered by the board; [the inmate's] contentions are meritless.

*Thompson v. Board of Pardons and Paroles*, 806 So.2d 374, 375 (Ala. 2001).

The Alabama parole statute governing standards for parole of inmates is a typical parole statute which vests discretion in the Alabama Board of Pardons and Paroles. *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987); *Thomas*, 691 F.2d at 489. There is nothing unconstitutionally vague about the statute. Moreover, the Alabama parole scheme has been reviewed by the Eleventh Circuit Court of Appeals on numerous occasions; that court has acknowledged the constitutionality of the discretion accorded the Board and continuously stressed "that absent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts." *Id*. Based on the foregoing, Defendant is entitled to summary judgment on this claim.

*D.  The Attendance at Parole Hearings Claim*

Plaintiff complains that Ala. Code § 15-22-23 is disadvantageous to inmates because they are not permitted to attend parole hearings.  The inability to be present at parole hearings, Plaintiff claims, implicates an inmate's due process rights because incorrect information that may be brought before the Board by persons who are notified pursuant to Ala. Code § 15-22-23 that an inmate is being considered for parole cannot be "refuted and challenged," and because the statute also allows "the judiciary" to be present at parole hearings and to "re-litigate" the issues of an inmate's criminal case.  *Doc. No. 1* at 11-12.

There is no constitutional right to confront a witness or evidence brought against a prisoner in a parole hearing, and there is no corresponding right to cross examine members of the Parole Board or persons who provide statements to members of the Board. *See Tarlton v. Clark,* 441 F.2d 384, 386 (5th Cir. 1971) (denying alleged "right to cross examine members of the parole board"). The State of Alabama provides only for the *possibility* of parole. The law is well settled that "the mere possibility of parole provides simply 'a hope that is not protected by due process....' ... [Moreover], the Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole.  *See Thomas v. Sellers,* 691 F.2d 487 (11th Cir. 1983)."  *Ellard*, 824 F.2d at 942; *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979) (the protections of the Due Process Clause do not attach to the procedures for granting parole). Absent the existence of a

constitutionally protected liberty interest in parole, "the procedures followed in making the parole determination are not required to comport with the standards of fundamental fairness." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995); *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir. 1982).  Because Plaintiff's challenge to his inability to attend parole hearings fails to implicate any constitutional right to which he is entitled, Defendant is entitled to summary judgment on this claim.

*E. The Parole Eligibility Date Claim*

The minimum sentence to be served before a parole-eligible inmate can be considered for parole is found in Ala. Code § 15-22-28(e). This section provides that "[t]he board shall not grant a parole to any prisoner who has not served at least one third or 10 years of his sentence, whichever is the lesser, except by a unanimous affirmative vote of the board." Plaintiff complains, however, that ninety percent of the time the hearing date is "some six (6) months delinquent," in violation of the Due Process Clause.  *Doc. No. 1* at 15.

Plaintiff's contention that Ala. Code § 15-22-28(e) creates a protectable expectancy in parole consideration at a specific time and, therefore, the consideration process must comport with due process is foreclosed by *Slocum*, 678 F.2d at 941-942. In *Slocum* the Eleventh Circuit deemed such a "unique theory ... without merit."  678 F.2d at 942.  The relevant portion of the Court's opinion reads as follows:

> Petitioner argues that even if there is no statutorily created liberty interest in parole, particular [statutory parole] provisions ... create a protectable entitlement to parole consideration.   Specifically, petitioner cites the

requirement ... that parole consideration "shall be automatic" upon the expiration of a set period of confinement and language ... that the board include in the parole file "as complete information as may be practically available...."  If these provisions create a protectable expectancy in parole consideration, petitioner argues that the consideration must comport with due process standards.  Petitioner's unique theory is without merit.  Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness.  *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976).  In *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws.  The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission*, 674 F.2d 847 (11th Cir. 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date." Accordingly, in the instant case petitioner['s] ... allegation that the ... parole board has not accorded him adequate parole consideration does not entitle him to [relief].

*Slocum*, 678 F.2d at 942.

As explained, Plaintiff does not possess a liberty interest in being granted parole that is protected by the Due Process Clause of the Constitution.  *Heard v. Georgia State Board of Pardons and Paroles*, 222 Fed. Appx. 838, 840 (11th Cir. 2007); *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489.  Thus, the procedural due process protections of the Fourteenth Amendment do not apply to the determination of dates for parole consideration.  *Slocum*, 678 F.2d at 942 (failure to provide parole review within time required under parole laws or properly calculate

presumptive date of release on parole does not constitute a violation of due process).

*F.  The Variance Claim*

Plaintiff alleges that the disparity between Ala. Code § 15-22-54 and Ala. Code § 15-22-32(a), with regard to the amount of time an inmate is returned to prison for technical violations of probation in comparison with technical violations committed by a parolee, amounts to a violation of his Fourteenth Amendment rights to equal protection and due process and his right to be free from excessive punishment under the Eighth Amendment.[7] As a parolee revoked for a technical violation, Plaintiff complains that the Board has discretion to require him to serve his life sentence, but a probationer guilty of the same technical violation may be returned to state custody for no more than 90 days.  *Doc. No. 1* at 15-16.

Plaintiff seeks to have legislation governing different forms of conditional release to be applied in a similar manner. The Equal Protection Clause, however, requires similar treatment of persons in similar situations. *Jones v. Ray*, 279 F.3d at 946-47.  Thus, in order to invoke equal protection scrutiny with respect to his claim, Plaintiff must establish that the challenged statutes treat similarly situated people unequally.  Plaintiff fails to meet this

---

[7] Ala. Code § 15-22-54(d)(1)(f) provides, in part: "If the probation violation is a technical violation, defined as a violation of a condition of probation other than the commission of a new offense, an eligible offender may be required to serve a term of not more than 90 days imprisonment...."  Ala. Code § 15-22-32(a) provides, in part: "Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his or her parole, the Board of Pardons and Paroles, at its next meeting, shall declare the prisoner to be delinquent, and time owed shall date from the delinquency. . ."

burden, as he has offered no evidence identifying any other similarly situated inmate who received more favorable treatment. *Brunskill v. Boyd*, 141 Fed.Appx. 771, 776 (11th Cir. 2005). The fact that the two statutes affect different people in different ways does not state an equal protection claim.

Plaintiff also argues that revocation of his parole for a technical violation subjects him to a life sentence in violation of his right to be free of excessive punishment as compared with a probationer revoked for a similar technical violation who is only required to remain in custody for 90 days. The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny an inmate "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Id*. at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991). By revoking Plaintiff's parole, the Board did not impose a new sentence. Rather, it did no more then return him to prison to serve the remainder of a sentence previously imposed by the court of conviction. This conduct does not rise to the level of an Eighth Amendment violation. Instead, Plaintiff's claim in relation thereto reflects "merely a disappointment rather than a punishment of cruel and unusual proportions." *Damiano*, 785 F.2d 929, 933. Defendant is entitled to summary judgment on this claim.

*G. The False Information Claim*

Plaintiff alleges that at his parole hearing in July 2009 the District Attorney for

Jefferson County and the Attorney General presented false information. Plaintiff complains that much of this "mis-information" is still in his prison file because the Board has failed to correct it.  *Doc. No. 1* at 18.

Plaintiff's attempt to challenge the veracity of information contained in his prison file fails to state a claim against Defendant Dillard who not only exercises no authority in decisions to grant or deny an inmate parole,  but also has no responsibility for the contents of Plaintiff's prison file. *See Doc. No. 18* at 5-6.  Even if Plaintiff presented this claim against an appropriate defendant, he must do more than make vague and conclusory assertions of constitutional violations in his complaint.  *See Jones*, 279 F.3d 944, 946 (while use of false information in a parole file can be a due process violation, prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim); *see also Iqbal,* 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 570 ( to state a viable claim, the pleader must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ").   Defendant Dillard is due to be granted summary judgment on this claim.

*H. Class Action Request*

Plaintiff requests in his complaint that this case be certified as a class action under Rule 23, *Federal Rules of Civil Procedure*. Plaintiff, however, cannot adequately represent the interests of the putative class.  Among the requirements which litigants must meet in order to maintain an action as a class action is that a class representative must "fairly and

-19-

adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*.  While a *pro se* litigant may bring his own claims to federal court, he may not litigate the claims of others.  *See* 28 U.S.C. § 1654.[8] The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975); *see also Hummer v. Dalton*, 657 F.2d 621, 623 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186, 1187 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980). Thus, Plaintiff's request to certify this case as a class action is due to be denied.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's motion for class certification (*Doc. No. 1*) be DENIED;

2.  Defendant's motion for summary judgment (*Doc. No. 18*) be GRANTED;

3.  Judgment be ENTERED in favor of Defendant and against Plaintiff,

4.  This case be DISMISSED with prejudice; and

5.  The costs of this proceeding be taxed against Plaintiff.

It is further

ORDERED that on or before April 9, 2014, the parties may file an objection to the

---

[8]28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 27th day of March, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE