IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLEN I. TAYLOR, #127 254, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.  2:12cv-037-TMH |
| ) | |
| CYNTHIA DILLARD, ) | (WO) |
| ) | |
| Defendants. ) | |

### ORDER

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #23), entered on March 27, 2014, and the Plaintiff's Objections (Doc. #26), filed on April 21, 2014.

Plaintiff has objected to the Recommendation that Defendants' Motion for Summary Judgment be granted with respect to his complaint seeking declaratory relief regarding his challenge to the constitutionality of Alabama's parole statute.

The Magistrate Judge initially determined that Plaintiff's challenge to the alleged use of false information to deny him parole in 2009 was barred by the limitation period. Plaintiff maintains that as a request for declaratory judgment under Rule 57, F.R.Civ.P., his challenge to the constitutionality of Alabama's parole statute is not subject to a limitations bar. First, the Magistrate Judge indicated in a footnote that "[w]hile [plaintiff] requests that the instant matter be allowed to proceed as a declaratory action pursuant to Rule 57, *Federal Rules of Civil Procedure* (*see also* 28 U.S.C. § 2201), the proper avenue is under a § 1983 action. *See Wilkinson v. Dotson,* 544 U.S. 74 (2005) (prisoner may bring § 1983 action for declaratory and injunctive relief challenging constitutionality of state parole procedures)." Second, in his

1

complaint, Plaintiff referred to the alleged use of false information during his 2009 parole hearing and the Magistrate Judge addressed this specific contention. *See Doc. No. at pg. 18*. The Recommendation did not bar Plaintiff's entire complaint on limitation grounds. This objection is without merit.

Plaintiff also raised an equal protection challenge, arguing that the parole board has granted parole to individuals convicted of sex offenses at a substantially lower rate over the past several years than to individuals convicted of non-sex related offenses ("at a ratio of some 5 to 1 of all other offenders") and that parole is granted at a substantially disproportionate lower rate to white-surnamed prisoners than to comparable black-surnamed prisoners. The Magistrate Judge determined that "Plaintiff has generally alleged discrimination, but has not identified any non-speculative, specific facts tending to suggest that any of the treatment he allegedly received from the Board was based on invidious racial discrimination. Plaintiff's bald suspicions and assertions of discrimination are unsupported by specific factual allegations, and they are, therefore, insufficient to state a claim for a violation of the Equal Protection Clause." Plaintiff maintains in his objection that absolute proof does not have to be shown at this point in the proceeding and that he cannot be expected to provide specific details until he has engaged in discovery. He goes on to state that the mere fact that his complaint is lacking in detail is not grounds for dismissal. Contrary to this belief, a plaintiff in a §1983 action must state specific facts, not merely conclusory allegations, to support a claim. Plaintiff's unsupported and wholly conclusory allegations of equal protection violations are insufficient to state an equal protection violation. This objection is without merit.

Plaintiff then challenges Alabama's parole statute alleging that it is unconstitutionally vague, fails to give parole-eligible inmates sufficient notice of the requirements of suitability for

parole, creates the insurmountable task of requiring the Board to possess the requisite personal knowledge of each parole-eligible inmate's suitability for parole, fails to define the stated parameters of the statute, requires the Board to predict future behavior - a task that is humanly impossible, and is so nebulous as to grant uncontrolled power as well as unlimited discretion to the Board in making its parole decisions. As he did in his complaint, Plaintiff argues in his objection that these issues lead to decision-making on an ad hoc and subjective basis with the attendant danger of arbitrary, capricious and discriminatory application. *Doc. No. 26 at 6*. Plaintiff relies on *Cicero v. Olgiati,* 410 F.Supp. 1080, 1085 (S.D.N.Y. 1976), to support his claim that Alabama's parole statute is unconstitutional.  In *Cicero*, the court granted class certification to a suit by prisoners in New York state correctional facilities which challenged the standards and methods by which the New York State Board of Parole granted or denied parole. Following the Supreme Court's decision in *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979), Plaintiff's reliance on *Cicero* is unavailing. In *Greenholtz*, the Court determined that the United States Constitution does not create a liberty interest in parole. Nor does Alabama law create a liberty interest that is protected by the Due Process Clause in parole because the statutes governing parole are framed in discretionary terms. As fully explained in the Recommendation, because Alabama inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. Because Plaintiff has no liberty interest in obtaining parole in Alabama, he cannot establish any claim for violation of due process in the procedures attendant to parole decisions. As the Recommendation, therefore, points out, Plaintiff has failed to establish that he is entitled to relief with regard to his parole challenges on the basis of a violation of the Due Process Clause. This objection is without merit.

After conducting an independent evaluation and *de novo* review of the file in this case, the court has determined all of the Plaintiff's objections to be without merit, and they are hereby OVERRULED. The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby ORDERED as follows:

1. Plaintiff's Motion for Class Certification (Doc. #1) is DENIED.

2. Defendant's Motion for Summary Judgment (Doc. #18) is GRANTED.

3. This case is DISMISSED with prejudice, with costs taxed against the Plaintiff.

DONE this 25th day of April, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE